## Richmond.

### BAIN & BRO. ET ALS. v. SAVAGE ET AL.

#### February 16, 1882.

1. USURY—*Penalty*.—Though the statute of usury, at the time a contract was made, declares the contract to be null and void, yet, if at the time of the decree in the cause, the statute has been amended and only avoids the contract for the interest, the decree should be for the principal loaned, with interest from the date of the decree. See *Moseley* v. *St. Louis Mutual Ins. Co.*, 31 Gratt. 629.

2. QUÆRE—Where in renewing usurious note, maker makes payments, as was understood, in discharge of each renewal of the note; and afterwards, makes a payment which was credited on the note without any specific application to the principal or to the interest, how shall those payments be applied? See *Moseley* v. *Brown et als.*, *supra*, 419.

Appeal from decree of hustings court of the city of Portsmouth rendered 16th November, 1878, in the chancery suit of T. J. Savage and Sarah F., his wife, against James G. Bain and R. T. K. Bain, bankers and partners under the style of Bain & Bro.; A. S. Watts, trustee, and the Exchange National Bank of Norfolk, Va.

On 14th September, 1868, T. J. Savage made his note for $1,500, payable to himself and endorsed by him to Bain & Bro., and discounted by them at a greater rate of interest than was allowable by law. Two notes—one for $1,400, and the other for $1,300—made by said Savage in renewal of the $1,500 note and assigned by Bain & Bro. to the said bank, were also subject to the same charge of usury. On the same day (14th September, 1868), T. J. Savage and wife executed a deed conveying certain property to A. S. Watts, in trust to secure the payment of said original note and all renewals thereof.

The debt not having been paid in October, 1874, when the trustee was about to enforce the trust, Savage and wife brought their bill setting forth the said facts in detail, and applied for and obtained an injunction to the enforcement of the trust. The defendant answered, Bain & Bro., in substance, admitting the allegations thereof, and making full disclosures of the circumstances.

In December, 1878, the court, being of the opinion that the bill required no disclosure, ordered that an issue be made and tried at its bar by a jury, viz: "Whether or no the transaction in the bill mentioned and alleged, be usurious." To which opinion the defendants excepted.

On 16th November, 1878, the jury empanneled to try the issue, rendered their verdict, to-wit: "We, the jury, find the transaction in the bill mentioned to be usurious." Whereupon, the court decreed that the said notes and the said deed of trust were usurious and null and void, and perpetually enjoined the trustee from enforcing the said trust. From this decree the defendants obtained an appeal to this court.

*W. W. Crump* and *W. H. C. Ellis,* for the appellants.

*Holladay & Gayle,* for the appellees.

STAPLES, J., delivered the opinion of the court.

It is argued by counsel that the decree from which this appeal is taken is erroneous, upon the authority of the case of *Moseley* v. *The St. Louis Mutual Insurance Company,* reported in 31 Gratt. 629. According to the principles of that case the appellants here are entitled to recover the principal money loaned by them, without interest.

The only controversy between the parties is as to the mode of applying the several payments made by the ap-

pellee. It seems that on the 14th September, 1868, he paid to the appellants the sum of $32; on the 17th November, 1868, the sum of $32; and on the 19th January, 1869, the sum of $7.37—making in the aggregate the sum of $71.37. These payments were made, as was understood, in discharge of the interest upon each renewal of the note.

It further appears that on the 28th October, 1869, the appellee paid the further sum of $274.70, which was credited on the note in controversy, without any specific application to principal of the debt or the interest then accruing. It is contended on the one hand that the interest being usurious, and under the statute all interest being forfeited, the payments in question must be applied to the principal of the debt exclusively, as that alone is due and payable. On the other hand, it is insisted that under the present statute an usurious contract is not void until declared to be illegal, only so far as the interest is concerned, and where the interest has been paid, it cannot be recovered back, or a different direction given to the payments from that intended by the parties.

It can scarcely be supposed that so grave and important a question as this will be decided by this court without any discussion from counsel—without due opportunity of careful investigation, more especially where the amount involved is so trivial and insignificant. We think the maxim, "*De minimis non curat lex,*" applies, so far as the payment of the $71.37 is concerned. We shall let it stand as the parties have applied it.

With respect to the amount of $274.70, the counsel for the appellant consenting, it is applied to the principal of the debt without reference to the interest, and the decree of this court will be entered accordingly.

DECREE REVERSED.